```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

    GARY RYDER,                       :
                                      :
        Plaintiff,                    :
                                      :
    v.                                :   No. 3:04CV973(DJS)
                                      :
    WASHINGTON MUTUAL BANK, FA,       :
                                      :
        Defendant.                    :
```

## MEMORANDUM OF DECISION AND ORDER

Plaintiff, Gary Ryder, brings this action against the Washington Mutual Bank, FA ("WMB") alleging that WMB violated his rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681u, breached a contract to which he was a party, defamed him, and violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a-42-110q when it did not properly account for payments Ryder made on a note made by Ryder and held by WMB.  WMB has filed a motion to dismiss (dkt. # 6) the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth herein, defendant's motion is **GRANTED in part** and **DENIED in part.**

### I. BACKGROUND

WMB is the holder of a note made by Ryder.  Ryder alleges that, despite the fact that he properly tendered payments pursuant to the terms of the note, WMB nevertheless did not record these payments, assessed fees for late payments, and reported inaccurate information about Ryder's account history.

Ryder also alleges that WMB failed to rectify its errors despite assurances that it would do so.

## II. DISCUSSION

### A. STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

B. SECTION 1681s-2

WMB argues that Ryder's allegations are not sufficient to state a cause of action under Section 1681s-2, which is part of the Fair Credit Reporting Act ("FCRA").  The FCRA proscribes certain conduct pertaining to the reporting of consumer credit information and creates liability for willful non-compliance, see 15 U.S.C. § 1681n, and negligent non-compliance, see 15 U.S.C. § 1681o, with its terms.  The provision upon which Ryder relies, 15 U.S.C. § 1681s-2, contains two proscriptions.  First, Section 1681s-2(a) imposes several obligations upon persons who furnish consumer credit information to furnish accurate information to consumer reporting agencies.  Second, Section 1681s-2(b) imposes a duty upon persons who furnish consumer credit information to consumer reporting agencies to verify the sufficiency and accuracy of the furnished information when the consumer reporting agency notifies the person of a dispute.  Pursuant to Section 1681s-2(c)(1), however, only Section 1681s-2(b) may be enforced by way of a private right of action; the provisions of Section 1681s-2(a) may only be enforced by an appropriate government agency.

Because Count I of Ryder's complaint does not allege conduct within the scope of Section 1681s-2(b), WMB's motion to dismiss is granted with respect to this claim.  Section 1681s-2(b) addresses a person's conduct after the person has been notified

by a consumer reporting agency of a dispute regarding the information that person provided to the consumer reporting agency.  Ryder alleges that WMB furnished inaccurate information, but does not allege that WMB failed to properly investigate a disputed claim when notified of the dispute by the consumer reporting agency.  Therefore, Ryder has not alleged a viable cause of action pursuant to Section 1681s-2(b).

### C. PREEMPTION

WMB argues that Ryder's defamation and CUTPA claims are preempted by 15 U.S.C. § 1681t(b)(1)(F), which provides, in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . [S]ection 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ."  15 U.S.C. § 1681t(b)(1)(F).  The FCRA also contains a second provision addressing preemption of state law causes of action, which provides the following:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information

> furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (footnote omitted). WMB argues that Section 1681t(b), which was enacted in 1996, supercedes Section 1681h(e), and that Section 1681t(b) preempts any state law claim based upon conduct proscribed by Section 1681s-2.

WMB's suggested reconciliation of the two preemption provisions is not persuasive because it renders Section 1681h(e) superfluous. The court finds the following analysis to be the most persuasive reconciliation of the two provisions:

> state law claims based on actions of a furnisher of information after the furnisher has received notice of inaccuracies are held preempted by § 1681t(b)(1)(F), while actions taken before notice has been received may not be preempted. . . . It is important to note that the notice referred to here need not be from a credit reporting agency, as is required to sustain a private cause of action under § 1681s-2(b) of FCRA; notice may be received from the . . . credit reporting agency or from the consumer himself.

<u>Kane v. Guaranty Residential Lending, Inc.</u>, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *8 (E.D.N.Y. May 16, 2005). Pursuant to this approach, Ryder could bring a claim within the scope of Section 1681h(e) based upon WMB's conduct prior to Ryder's dispute of the accuracy of WMB's information. The allegations set forth in the complaint, however, indicate that WMB had notice from Ryder of the inaccuracies during virtually the entire chain of events. WMB's publication of inaccurate information that could give rise to a defamation or CUTPA claim must have taken

place after WMB had notice of Ryder's dispute and must therefore be preempted by Section 1681t(b).  WMB's motion to dismiss is granted with respect to Count III and any part of Court IV based upon conduct within the scope of Section 1681t(b).

### D. CUTPA CLAIM

WMB argues that Ryder's CUTPA claim is legally insufficient because Ryder has premised his CUTPA claim upon WMB's alleged breach of the contract between the parties.  The court, however, finds Ryder's allegations to be sufficient to the extent they are not preempted.  WMB's motion is therefore denied with respect to Count IV.

### III. CONCLUSION

For the above reasons, defendants' motion to dismiss (dkt. # 6) is **GRANTED in part** and **DENIED in part**.  Counts I, III, and the parts of Count IV preempted by 15 U.S.C. § 1681t(b) are **DISMISSED with prejudice**.

So ordered this 27th day of May, 2005.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**